FILED \_\_\_\_ ENTERED
\_\_\_\_ LOGGED \_\_\_\_ RECEIVED

APR 2 2 2019

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

COMFORT A. BOATENG, *Pro Se*

    Debtor-Appellant

v.                                        Civil No. **PJM 18-2948**

NANCY SPENCER GRIGSBY

    Chapter 13 Trustee-Appellee

## MEMORANDUM OPINION

*Pro Se* Debtor-Appellant Comfort A. Boateng[1] has appealed an Order of the Bankruptcy Court dismissing her underlying Chapter 13 proceeding, *In re Comfort A. Boateng*, Ch. 13 Case No. TJC 17-26830 (Bankr. D. Md.). For the following reasons, the Court **AFFIRMS** the Order of the Bankruptcy Court, ECF No. 1-1.

### I. Factual and Procedural History

On September 21, 2006, Comfort A. Boateng and her husband, Kofi L. Boateng, executed an adjustable-rate note in the amount of $620,000.00. ECF No. 4-58 at ¶ 3. The note was secured by a first priority deed of trust of even date, encumbering real property designated as 12600 Nichols Promise Drive, Bowie, MD 20720 (the "Property"). *Id.* at ¶ 3. Some time before January 1, 2009, Boateng allegedly ceased making payments on the note and has owed payments to

---

[1] Boateng's Appellant's Brief was signed and submitted by "Kos N. Johns, Esq." ECF No. 6 at 5. Johns was the attorney of record for Boateng in a related proceeding before this Court, *Boateng v. Deutsche Bank, N.A. et al.*, Civil No. PJM-18-1681, in which Boateng appealed the Bankruptcy Court's Order lifting the automatic stay in the underlying bankruptcy proceeding. After this Court remanded that case to the Bankruptcy Court for further factual findings, the Bankruptcy Court issued a Memorandum Opinion and Order affirming its initial decision to lift the automatic stay. Civil No. PJM 18-1681, ECF Nos. 23-1, 23-2. Since Johns has not entered a formal appearance in the present case, the Court treats Boateng as a *pro se* litigant. Whether Johns is in or out of the case, however, is of no consequence to this Court's analysis and decision.

1

Deutsche Bank National Trust Company, the holder of the note, since then. *Id.* at ¶¶ 10–12. Shapiro & Brown, LLP, acting as substitute trustee, initiated a foreclosure action against the Boatengs and the Property in the Circuit Court for Prince George's County on February 25, 2016. *See* CAEF16-04391.

On April 24, 2017, Comfort Boateng filed for Chapter 7 bankruptcy protection, Bankr. No. 17-15651, one day before a scheduled foreclosure sale of the Property. ECF No. 4-58 at ¶ 9. On June 1, 2017, the Bankruptcy Court dismissed this petition for failure to file information on June 1, 2017. *Id.*

On July 17, 2017, Kofi Boateng filed a second Chapter 7 Bankruptcy Petition, Bankr. No. 17-19660. ECF No. 4-58 at ¶ 9. This filing also occurred one day before the foreclosure sale of the Property scheduled for July 18, 2017. *Id.* On September 1, 2017, the Bankruptcy Court also dismissed this petition for failure to file requisite information. *Id.*

On December 18, 2017, Comfort Boateng[2] filed for Chapter 13 bankruptcy protection, Bankr. No. 17-26830. ECF No. 4-58 at ¶ 9. The dismissal of that filing forms the basis for the appeal currently before the Court. As with the previous two bankruptcy petitions, this one was also filed one day before a foreclosure sale of the Property was to take place on December 19, 2017. *Id.* Pursuant to 11 U.S.C. § 521 and Federal Rules of Bankruptcy Procedure 1007 and 3015(b), the Clerk of the Court issued a Notice of Deadline for Filing Missing Documents, informing Boateng that she had until January 2, 2018 to file the required documents associated with her bankruptcy filing. ECF No. 4-2. The Notice of Deadline also indicated that if Boateng did not submit the missing documents, the case would be dismissed without a hearing. *Id.*

---

[2] In this proceeding, all references to "Boateng" are to Comfort Boateng, unless the context indicates otherwise.

On December 29, 2017, Boateng filed a Motion to Extend Time to File Schedules, Other Documents and Information Required under 11 U.S.C. § 521, citing as her reason an inability to gather all necessary documents for completing the missing filings due to the pending foreclosure sale process. ECF No. 4-8. On January 8, 2018, the Bankruptcy Court granted Boateng's Motion, requiring her to file all remaining documents by January 19, 2018. ECF No. 4-10. The Bankruptcy Court also informed Boateng that failure to complete the required filings within the extended time might result in dismissal of her case. *Id.*

On January 24, 2018, Boateng filed some, but not all, of the required documentation. *See, e.g.*, ECF No. 4-15 (Chapter 13 Plan Filed by Comfort A. Boateng). On January 25, 2018, the Bankruptcy Court issued a Deficiency Notice after Boateng failed to file a Certificate of Service and filed an obsolete Chapter 13 Plan, instructing her to cure by filing a Certificate of Service and Local Bankruptcy Form M. ECF No. 4-16. On January 26, 2018, after Boateng failed to cure, the Bankruptcy Court terminated the automatic stay and dismissed the case. ECF No. 4-17.

On January 30, 2018, Boateng filed a Motion to Reinstate the Chapter 13 Case, representing that she had recently retained counsel, mailed "all Chapter 13 payment[s]," and affirmed that she would fix the schedules and Chapter 13 plan. ECF No. 4-21. On February 15 and 21, 2018, Boateng filed the required documentation. *See, e.g.*, ECF Nos. 4-27, 4-33. Subsequently, on February 22, 2018, the Bankruptcy Court issued an Order Vacating the Order Dismissing the Case. ECF No. 4-34. That same day, the Bankruptcy Court issued another Deficiency Notice, stating that Boateng had filed an obsolete Chapter 13 Plan form and instructing her to cure by filing the new Plan form (M) by March 8, 2018. ECF No. 4-35.

On March 8, 2018, Boateng filed an Amended Chapter 13 Plan, ECF No. 4-46, but that same day, the Bankruptcy Court issued another Deficiency Notice after Boateng filed an obsolete

3

Certificate of Service form. ECF No. 4-47. Boateng was instructed to cure by filing the correct M-1 form with the Plan by March 22, 2018. *Id.* On March 9, 2018, Boateng filed the Certificate of Service in response to the Bankruptcy Court's March 8 Deficiency Notice. ECF No. 4-48.

And on April 17, 2018, in response to Objections filed by the Bankruptcy Trustee, Boateng filed an Amended Chapter 13 Plan. ECF No. 4-67. But on May 8, 2018, the Bankruptcy Court declined to confirm Boateng's Amended Chapter 13 Plan after concluding that it did not fulfill the requirements set out in § 1325. ECF No. 4-78. The Bankruptcy Court once again granted Boateng leave to file—this time an amended Plan—and to do so by June 11, 2018. *Id.* She was also notified that failure to complete the required filings, convert to another chapter, or voluntarily dismiss by that date might result in dismissal of her case without further notice or hearing. *Id.* Because Boateng failed to file an Amended Plan by June 11, the Bankruptcy Court terminated the automatic stay and dismissed her case on June 18, 2018. *See* ECF No. 4-96 at 2.

On June 28, 2018, Boateng filed a Motion to Reinstate the Chapter 13 Case, along with an Amended Chapter 13 Plan. In her Motion, Boateng claimed that she was making the Plan payments and that creditor Deutsche Bank National Trust Company had withdrawn its claim to "over Million dollars" after the Bankruptcy Court's May 8th denial of Plan confirmation. ECF No. 4-97. Accordingly, on July 2, 2018, the Bankruptcy Court issued another Order Vacating the Order Dismissing the Case. ECF No. 4-99. The same day, however, the Bankruptcy Court issued a Deficiency Notice after Boateng failed to include the list of creditors served in her filing. ECF No. 4-101. The Bankruptcy Court instructed Boateng to cure by filing a Certificate of Service by July 16, 2018. *Id.*

On July 16, 2018, Boateng filed another Amended Chapter 13 Plan. ECF No. 4-107. The following day, the Bankruptcy Court again declined to confirm Boateng's Amended Plan after

4

concluding that the Plan did not fulfill the requirements set out in § 1325 for confirmation. ECF No. 4-108. The Bankruptcy Court granted Boateng leave to file an amended Plan by August 31, 2018, notifying her that failure to complete the required filings, convert to another chapter, or voluntarily dismiss by that date might result in dismissal of her case without further notice or hearing. *Id.*

Boateng failed to file an amended Plan by August 31, 2018. Consequently, on September 5, 2018, the Bankruptcy Court terminated the automatic stay and dismissed her case. ECF No. 4-115. On September 11, 2018, the Property was sold at a trustee's sale.

On September 20, 2018, Boateng appealed the Bankruptcy Court's Order dismissing her case for failure to file required documents. ECF No. 1. She filed her Appellant Brief on November 26, 2018, and the Chapter 13 Trustee filed its Appellee Brief on December 21, 2018. ECF Nos. 6, 7.

## II.   Analysis

The U.S. District Court has jurisdiction to review final decisions of the U.S. Bankruptcy Court under 28 U.S.C. § 158(a). The District Court reviews the Bankruptcy Court's conclusions of law *de novo* and findings of fact for clear error. *In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005).

A Bankruptcy Court may "on request of a party in interest or the United States Trustee," "after notice and a hearing . . . convert a case under [chapter 13] to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including . . . failure to file a plan timely under section 1321 of this title." 11 U.S.C. § 1307 (c)(3). In addition, "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action

5

or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "Any action" includes dismissal. *See In re Kestell*, 99 F.3d 146, 149 (4th Cir. 1996).

In this case, the Bankruptcy Court ultimately dismissed the underlying case *sua sponte* without notice or a hearing, ECF No. 4-115, but it did so only after warning Boateng that it might take that action "if within the time granted for amendment the Debtor does not file an Amended Plan." ECF No. 4-108. The Bankruptcy Court's action was taken after a lengthy history of missed deadlines and the submission of deficient plans by Boateng. Over the course of the bankruptcy proceeding, Boateng submitted at least four Chapter 13 Plans, all of which the Bankruptcy Court found to be deficient. ECF Nos. 4-16, 4-35, 4-78, 4-108. Boateng's failure to correct many, if not all, of these deficiencies in a timely manner led the Bankruptcy Court to dismiss the bankruptcy proceedings at least twice, *see* ECF Nos. 4-17, 4-96 at 2, before vacating those dismissals pursuant to Motions to Reinstate filed by Boateng. ECF Nos. 4-34, 4-104.

Boateng's history with prior bankruptcy filings related to the Property and debt at issue in this case clearly suggests a pattern of noncompliance with Bankruptcy Court deadlines and requirements. The dismissed proceeding underlying the case at bar is the <u>third</u> filing involving Boateng's Property. She herself filed the first bankruptcy, *In re Comfort A. Boateng*, Ch. 7 Case No. TJC 17-15651 (Bankr. D. Md.), and her husband, Kofi Boateng, filed the second bankruptcy. *In re Kofi Boateng*, Ch. 7 Case No. TJC 17-19660 (Bankr. D. Md.). The Bankruptcy Court dismissed both of the Boatengs' Chapter 7 petitions within weeks of their filing for failure to file required information.

Accordingly, the Bankruptcy Court's action dismissing the petition was entirely appropriate. Having warned Boateng on at least four occasions that she would have to submit a

Chapter 13 Plan that conformed to the requirements of the Bankruptcy Code or risk dismissal of the proceeding, the Bankruptcy Court ultimately deemed Boateng's pattern of late, deficient submissions to be an abuse of the bankruptcy process and dismissed the proceeding. Apart from that, there is no evidence to suggest, as Boateng argues in her Appellant's Brief, that she "was not behind on her Plan payments" or that she had "agreed to pay all creditors 100 percent." ECF No. 6 at 3.

The Court **AFFIRMS** the judgment of the Bankruptcy Court dismissing the underlying bankruptcy proceeding.

### III. Conclusion

The Bankruptcy Court's Order with Notice Dismissing Chapter 13 Case and Notice that Automatic Stay is Terminated, ECF No. 1-1, is **AFFIRMED**.

The Clerk is directed to **CLOSE** this case.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**April 18, 2019**